CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 0 7 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LUTHER R. BROWN, JR., ) | |
| ) | |
| Plaintiff, ) | Case No. 7:12-cv-00214 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| VIRGINIA EMPLOYMENT ) | By: James C. Turk |
| COMMISSION, *et al.*, ) | Senior United States District Judge |
| ) | |
| Defendants. ) | |

This matter is before the Court on Defendants' Motion to Dismiss (ECF No. 12). Having been served with a Roseboro notice, Plaintiff has responded.[1] A hearing was held on August 3, 2012, and the matter is now ripe for disposition. For the reasons stated below, Defendants' Motion is **GRANTED**.

### I.  Factual and Procedural Background

The following facts are derived from the Complaint and additional evidence Plaintiff has submitted to the Court, as well as adjudicative facts of which the Court has taken judicial notice.[2]

---

[1] After being served with the Roseboro notice, Plaintiff filed a response in opposition, as well as two motions "for leave to file additional evidence." *See* ECF Nos. 15, 17–18. The Court construes these latter motions as supplemental responses, and they were considered when deciding the fate of Defendants' motion. Where it relies upon evidence outside the pleadings, the Court is ordinarily obligated to convert a motion to dismiss to one for summary judgment. Fed. R. Civ. P. 12(d). But here, Plaintiff's complaint, liberally construed, makes reference to much of the evidence he has submitted in opposition. Moreover, the materials are integral to the Complaint, and there appears to be no dispute regarding the authenticity or accuracy of the documents. *See* Harty v. Luihn Four, Inc., 747 F.Supp.2d 547, 551 (E.D. N.C. 2010) (citing Faulker v. Beer, 463 F.3d 130, 134 (2d Cir. 2006)). Under these circumstances, the Court declines to treat the motion as one for summary judgment.

[2] *See* Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 323 (2007) (when ruling on a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily

1

Plaintiff was the registered agent for Virginia Painting and Wallcovering Contractors, Inc., a Virginia corporation ("Virginia Painting"), and apparently its sole shareholder. On January 25, 2011, in connection with debts incurred by Virginia Painting, the Virginia Employment Commission ("VEC") filed a lien against Plaintiff in the Clerk's Office for the County of Roanoke, in the amount of $10,988.30. On April 18, 2011, the VEC filed a Writ of Fieri Facias against Plaintiff in the Roanoke County Circuit Court. On October 12, 2011, the VEC filed another lien against Plaintiff in the Roanoke County Clerk's office, this one for $12,964.06. The increased amounts reflect accruing interest on the debt. On October 13, 2011, Plaintiff filed a voluntary petition for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Western District of Virginia. *See* In re Luther R. Brown, Jr., No. 11-72083 (Bankr. W.D. Va.). Plaintiff alleges that Defendants have filed several liens against him, seeking to garnish his state and federal income tax refunds and other funds. Plaintiff further alleges that the individual Defendants have continued to harass him, even after they were notified of his bankruptcy filing.[3]

On May 14, 2012, Plaintiff, proceeding *pro se*, filed the instant action against the VEC and four of its employees. He seeks $1,000,000 in damages, as well as injunctive relief requiring

---

examine . . . in particular . . . matters of which a court may take judicial notice."). *See also* Fed. R. Evid. 201.

[3] At oral argument, Plaintiff's prime complaint appeared to be that the VEC assessed Virginia Painting's unemployment tax debt against him personally without following the procedure prescribed in Va. Code Ann. 60.2-521 (2012). In relevant part, the code section provides that civil actions to enforce the payment of unemployment taxes may be "brought against any officer, employee, or agent of a corporation or partnership in his individual, personal capacity when that person willfully fails to cause the employer to pay the appropriate taxes and he had the authority to do so. No person shall be subject to this section unless it is proved (i) that such person had knowledge of the failure or attempt to make such payment and (ii) that such person had authority to prevent such failure or attempt." *Id.* Plaintiff has provided a Writ of Fieri Facias from the Roanoke County Circuit Court, which indicates that the VEC may have filed a civil action against Plaintiff at some point—the circumstances under which this Writ was obtained are unclear. In any event, if the VEC improperly obtained a judgment and writ from the Roanoke County Circuit Court, Plaintiff's remedy lies with that court and not this one.

2

Defendants to release all liens against him and refrain from contacting him. Defendants responded with a Motion to Dismiss, arguing (1) they have sovereign immunity under the Eleventh Amendment; (2) this Court lacks subject-matter jurisdiction over Plaintiff's claims.[4]

## II. Standard of Review

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the complaint. Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994). A complaint must include a short and plain statement of the claim(s) under which the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Under the notice pleading standard employed by the federal courts, the complaint need only "give the defendant notice of what the claim is . . . and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In order to survive a motion to dismiss, however, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In particular, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). While the Court is obligated to accept as true all of the complaint's well-pled factual allegations and take the facts in the light most favorable to the plaintiff, Adock v. Freightliner, LLC, 550 F.3d 369, 374 (4th Cir. 2008), it will not give the same reverence to "unwarranted inferences, unreasonable conclusions, or arguments." Nemet

---

[4] With some reluctance, the Court notes here the general insufficiency of Defendants' brief. "All motions, unless otherwise directed by the Court . . . must be accompanied by a written brief setting forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which the movant relies." W.D. Civ. R. 11(c)(1). Defendants' brief makes passing reference to a few federal statutes and cites only a single case—and that, a state case of only tangential relevance here. Additionally, while Defendants made a claim of qualified immunity at oral argument, they make no mention of it in their brief, and the Court will therefore deem it waived.

3

Chevrolet, 591 F.3d at 255 (quoting Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009)). Where, as here, a party is proceeding *pro se*, that party's pleadings will be construed liberally. *See generally* Haines v. Kerner, 404 U.S. 519 (1972).

### III. Discussion

#### A. Violation of Bankruptcy Stay

The federal courts are ones of limited jurisdiction. A federal court may not hear a case or controversy unless it is both constitutionally and statutorily authorized to do so. Kokken v. Guardian Life Ins. Co. of Am., 522 U.S. 375, 377 (1994). Subject-matter jurisdiction cannoy be forfeited or waived. In re Kirkland, 600 F.3d 310, 314 (4th Cir. 2010). This Court has "an independent obligation to assess its subject-matter jurisdiction." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 480 (4th Cir. 2005). The person seeking to invoke the jurisdiction of the court bears the initial burden of demonstrating that the court has subject-matter jurisdiction over the case. McNutt v. Gen. Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936). Here, that party is Plaintiff. Thus, as a threshold matter, the Court must assess whether it may hear Plaintiff's claims at all.

Here, plaintiff appears to be asserting two claims: a claim for violation of his civil rights; and a claim that Defendants violated the automatic stay imposed when Plaintiff filed for bankruptcy. The Court takes up the second claim first. Filing a petition for Chapter 13 bankruptcy automatically stays most collection actions against a debtor. *See* 11 U.S.C. § 362. A cause of action seeking redress for violation of an automatic stay has generally been held to be within the exclusive jurisdiction of the bankruptcy court. *See* Eastern Equip. & Svcs. Corp. v. Factory Point Nat'l Bank, 236 F.3d 117, 121 (2d Cir. 2001) ("District courts simply lack

jurisdiction to hear claims asserting violations of the automatic stay that sound in state law"); In re Startec Global Comm. Grp., 292 B.R. 246, 254 (Bankr. D.Md. 2003) (enforcement of automatic stay generally held to be in exclusive jurisdiction of bankruptcy court). Accordingly, the United States District Court has no jurisdiction over any claims based on the Defendants' alleged violation of the stay, at least in the first instance. They must be brought in the United States Bankruptcy Court.[5]

### B. Civil Rights Claim against VEC

Plaintiff's civil rights claims against VEC must also fail. The Eleventh Amendment bars suits against "unconsenting States." Edelman v. Jordan, 415 U.S. 651, 662–63 (1974). *See also* U.S. Const. Am. XI. This immunity extends to "arms of the State," including state agencies and state officers acting in their official capacities. Mt. Healthy City. Sch. Dist. Bd. Of Educ. v. Doyle, 429 U.S. 274, 280 (1977); Gray v. Laws, 51 F.3d 426, 430 (4th Cir. 1995). *Accord* Nelson v. Herrick, No. 3:11-cv-00014, 2011 WL 5075649, at *8–*9 (W.D. Va. Oct. 26, 2011). However, the reach of state sovereign immunity does not extend so far as to reach "counties and similar municipal corporations." Doyle, 429 U.S. at 280. The determination of whether a state agency has the character of an "arm of the state" or of a municipal government is a multifactor test, with the most important (and sometimes dispositive) factor being whether any judgment would come from the state treasury. *See* Cash v. Granville Cnty. Bd. of Educ., 242 F.3d 219, 223–26 (4th Cir. 2001).

---

[5] At oral argument, VEC represented that it was not listed as a creditor in Plaintiff's bankruptcy case and only found out about his bankruptcy filing with the filing of this lawsuit. After oral argument, Plaintiff submitted evidence to the Court indicating that a creditors' meeting notice was issued to the VEC as of November 29, 2011. *See* ECF No. 20. Whether VEC was notified of Plaintiff's bankruptcy filing, however, is of no moment to the Court's disposition of this civil action.

5

The VEC was originally created by the General Assembly to provide employment services and administer the federal-state unemployment insurance program in light of the Social Security Act of 1935. *See* Va. Employment Comm., About VEC, http://www.vec.virginia.gov/about (last visited Aug. 6, 2012). As relevant here, part of its mission is to "[m]aintain a solvent trust fund financed through equitable employer taxes that provide temporary partial income replacement to involuntarily unemployed covered workers." Va. Code Ann. § 60.2-113 (2012). VEC's commissioner answers to the Virginia Secretary of Commerce and Trade, who in turn answers to the Governor. *See also id.* §60.2-111 (duties and powers of VEC). Its responsibilities stretch across the state, and are not confined to a single locality. Moreover, the VEC does not have any significant degree of autonomy or independence from the Commonwealth itself. Finally, any recovery from the VEC would come from the state treasury. In sum, it cannot seriously be disputed that the VEC is an instrumentality of the Commonwealth. *Accord* Erwin Chermerinsky, FEDERAL JURISDICTION § 7.4 at 428 (5th ed. 2007) ("It is clear . . . that an agency of state government . . . is a part of the state for purposes of the Eleventh Amendment."). Having made this determination, the Court finds that the VEC has absolute immunity and any claims against it must be dismissed.[6]

### C. Civil Rights Claim Against Individual Defendants

To the extent Plaintiff alleges claims against the individual defendants in their official capacities, they are immune as to claims for money damages. Edelman, 415 U.S. at 664–65. However, they may be sued for prospective injunctive relief. *See* Ex Parte Young, 209 U.S. 123

---

[6] Sovereign immunity, of course, is not an absolute jurisdictional bar, and many states have waived their entitlement to it under various circumstances. In Virginia, the General Assembly has enacted a limited waiver of this sovereign immunity in the form of the Virginia Tort Claims Act ("VTCA"). *See* Va. Code Ann. § 8.01-195 *et seq.* (2012). However, nothing here indicates that Plaintiff has complied with the administrative procedures outlined in the VTCA, which are a requirement for waiver.

(1908). To the extent Plaintiff seeks to sue VEC's employees in their individual capacities, they have no claim of state sovereign immunity. But Plaintiff's claims against them must nonetheless be dismissed. In order to set forth a cause of action for a violation of 42 U.S.C. § 1983, a putative plaintiff must set forth facts sufficient to show that a person, acting under color of state law, deprived the plaintiff of a right, privilege, or immunity secured by the United States Constitution. *See* Lugar v. Edmondson Oil Co., 457 U.S. 922, 930 (1982). Construing his complaint liberally, Plaintiff attempts to state a claim for deprivation of property without due process of law. But while Plaintiff has made generalized allegations of harassment, he has failed to allege sufficient facts to plausibly show that Defendants violated his constitutional rights. *See generally* Hudson v. Palmer, 468 U.S. 517, 531 – 33 (1984) (negligent and intentional deprivations of property do not violate due process where the state makes available a meaningful postdeprivation remedy); Shabazz v. Cole, 69 F.Supp.2d 177, 200 (D. Mass. 1999) (verbal harassment does not violate plaintiff's substantive due process rights). Plaintiff has therefore failed to state a claim for relief, and any civil rights claim against the individual defendants in their individual capacities must also be dismissed.

## IV. Conclusion

To the extent he feels aggrieved by the lien imposed against him personally for Virginia Painting's back taxes, Plaintiff may find a remedy in the state courts or in the bankruptcy court. This Court cannot provide him with the remedy he seeks. For the foregoing reasons, the Court will grant Defendants' motion to dismiss. An appropriate Order shall issue this day.

ENTER: This 7th day of August, 2012.

Senior United States District Judge